IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Faustino Sanchez-Sanchez,<br>          Petitioner,<br>v.<br>Luis Rosa, Jr., et al.,<br>          Respondents. | No. CV-25-04586-PHX-SHD (DMF)<br>**ORDER** |

Petitioner filed a Petition for Writ of Habeas Corpus under § 2241 challenging his immigration detention. (Doc. 1.) On December 11, 2025, the Court Ordered Respondents to show cause ("the OSC") why the Petition should not be granted. (Doc. 3.) The OSC is now fully briefed. (Docs. 5,6.) For the reasons that follow, the Petition is granted, and Respondents must either release Petitioner from custody or provide him a bond hearing within seven days.

**I.  Background**

Petitioner is a citizen of Mexico who entered the United States without inspection in 1998 and has lived in Arizona ever since. (Doc. 1 at 2.) Petitioner was arrested on August 28, 2025, and was issued a Notice to Appear that charged him with removability under 8 U.S.C. § 1182(a)(6)(A)(i). (*Id.*) Petitioner requested a custody redetermination before an Immigration Judge, but his request was denied on November 28, 2025, on the ground that the Immigration Court lacked jurisdiction because DHS had classified him as subject to § 1225(b)(2). (*Id.* at 3.)

Petitioner filed his Petition arguing his classification as an applicant for admission subject to mandatory detention violates the language of 8 U.S.C. § 1225(b)(2)(A), the regulations for bond proceedings, and his due process rights. Petitioner requests release from custody or a bond hearing under § 1226. In the OSC, the Court found that Petitioner is likely a class member entitled to a bond hearing pursuant to *Bautista*. (Doc. 5 at 2.)

## II.     Analysis—Interpretation of 8 U.S.C. § 1225 and 8 U.S.C. § 1226

A district court in the Central District of California recently certified a class that may include Petitioner. *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403, at *1 (C.D. Cal. Nov. 25, 2025). The *Bautista* court issued an earlier decision—consistent with other district courts, *including this Court*—concluding that individuals in Petitioner's position (those who entered the United States decades ago) are not subject to mandatory detention. *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3289861, at *11 (C.D. Cal. Nov. 20, 2025). Respondents argue Petitioner's claims in this action are already being litigated in the class action, and to grant Petitioner relief, the Court would "undermine" the goals of the class action that all similarly situated individuals be treated similarly, but Respondents do not deny that the *Bautista* court has already found an entitlement to relief under such circumstances. Respondents alternatively argue that this action should be dismissed or stayed under the first-in-time rule because Petitioner's claim is already being litigated in the *Bautista* class action. But Respondents acknowledge the first-in-time rule is permissive, not mandatory, and because no relief has been definitively ordered in *Bautista*, the Court finds the interests of justice do not support a stay or dismissal. The Court will proceed to the merits of Petitioner's claim.

Respondents state they "are aware of this Court's prior decision rejecting Respondents' position, *see Echevarria v. Bondi*, No. 2:25-cv-03252-PHX-DWL, 2025 WL 2821282 (D. Ariz. Oct. 3, 2025), but respectfully maintain that Petitioner falls within the definition of an 'arriving alien' warranting mandatory detention as the removal process unfolds. Respondents also maintain that an alien is an 'applicant for admission' until an immigration official has inspected that person and determined that he or she is admissible

1  into the United States." (Doc. 5 at 12.)

2  Nothing in Respondents' brief persuades the Court that the preliminary conclusion in the OSC is mistaken. Indeed, in *Echevarria*, the district court specifically noted that "[g]iven that an immigrant submits an 'application for admission' at a distinct point in time, stretching the phrase 'at the time of application for admission' to refer to a period of years would push the statutory text beyond its breaking point." *Id.* at *6.

7  The Court is also aware of several decisions adopting Respondents' argument. *Valencia v. Chestnut*, 2025 WL 3205133 (E.D. Cal. Nov. 17, 2025); *Alonzo v. Noem*, 2025 WL 3208284 (E.D. Cal. Nov. 17, 2025); *Mejia Olalde v. Noem*, 2025 WL 3131942 (E.D. Mo. Nov. 10, 2025); *Sandoval v. Acuna*, 2025 WL 3048926 (W.D. La. Oct. 31, 2025); *Rojas v. Olson*, 2025 WL 3033967 (E.D. Wisc. Oct. 30, 2025); *Garibay-Robledo v. Noem*, No. 1:25-CV-177-H, Doc. 9 (N.D. Tex. Oct. 24, 2025); *Vargas Lopez v. Trump*, 2025 WL 2780351 (D. Neb. Sept. 30, 2025), *Chavez v. Noem*, 2025 WL 2730228 (S.D. Cal. Sept. 24, 2025); *Pipa-Aquise v. Bondi*, No. 25-1094, 2025 WL 2490657 (E.D. Va. Aug. 5, 2025); *Pena v. Hyde*, No. 25-11983, 2025 WL 2108913 (D. Mass. July 28, 2025). But Respondents' position is in the minority. In the weeks since the district court considered the issue in *Echevarria*, dozens of other courts have reached its same conclusion. *See, e.g., Quinapanta v. Bondi*, 2025 WL 3157867, *6 (W.D. Wisc. Nov. 12, 2025) ("[M]ore than 45 district courts have now rejected similar arguments made by respondents here and ordered bond hearings for noncitizens who, like petitioner, were apprehended within the United States years after entering without admission or inspection unless implicated by any criminal activity covered by § 1226(c). These decisions, along with a growing number of others, including this Court, have concluded that the statutory text, the statute's history, Congressional intent, and § 1226(a)'s application for the past three decades support its application to noncitizens in petitioner's position.") (cleaned up).

26  Having reviewed the recent decisions adopting the Respondents' minority view, the Court agrees with the conclusion reached in *Echevarria*. For these reasons, the Petition is granted as to Counts One and Three of the Amended Petition, and Petitioner must receive

a bond hearing under 8 U.S.C. § 1226(a).[1]

**IT IS ORDERED:**

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted as to Counts One and Three**. The remainder of the Petition is denied as moot.
2. Respondents must provide Petitioner a bond redetermination hearing within **seven days** or release him from custody under the same conditions that existed before his detention.
3. Respondents must provide a notice of compliance within **48 hours** of releasing Petitioner or providing him a bond hearing.
4. The Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 19th day of December, 2025.

_____
Honorable Sharad H. Desai
United States District Judge

---

[1] Because the Court grants relief as to Counts One and Three, it will deny the remainder of the Petition as moot.